FILED
JUL 19 2024
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: ARMIDA CASTANEDA RAMIREZ, Debtor. | Case No. 19-23509 |
| J. MICHAEL HOPPER, Plaintiff, v. FERMIN CASTANEDA, Defendant. | Adv. Pro. 2019-2075 |

**MEMORANDUM ON CORRECTING CLERICAL ERROR IN JUDGMENT PER FEDERAL RULE OF CIVIL PROCEDURE 60(a)**

CHRISTOPHER M. KLEIN, Bankruptcy Judge:

This Court's Judgment avoiding and recovering a transfer of a fractional property interest and preserving it for the benefit of the estate was incomplete in its description of the rights and liabilities of the parties.

The transcript of the oral findings confirms the intent was to have the effect of declaring that the avoided undivided interest has the status of property of the estate, that the rights of the Chapter 7 Trustee are functionally as co-owner with whatever sale powers are available under 11 U.S.C. § 363, and that the Trustee enjoys the rights of the debtor under a bilateral contract between the Debtor and Defendant Fermin Castenada that provides for use, maintenance, and eventual sale of the property.

The written judgment was imprecise. Subsequent confusion

about the Trustee's rights warrants correcting the Judgment.

A "clerical error" in a judgment that is in the nature of a blunder in execution may be corrected by a court sua sponte to conform to the Court's original intent at any time, with or without notice, under Civil Rule 60(a) and Bankruptcy Rule 9024.

## Procedural History

Judicial notice is hereby taken of the facts and record in: J. Michael Hopper v. Fermin Castenada, Adv. No. 19-2075, filed June 21, 2019; the Reporter's Transcript of oral findings after trial made October 7, 2020 (Dkt. #82); and the Judgment rendered thereon on October 19, 2020 (Dkt. #76).

Debtor Armida Castaneda Ramirez filed a chapter 7 case No. 19-23509 on May 31, 2019, 114 days after she transferred to her separated spouse, Fermin Castaneda, her undivided half interest in the former marital residence in Springfield, Virginia.

The transfer by Armida was in the form of a General Warranty Deed dated February 6, 2019 and recorded March 14, 2019.

At the time of the February 6 transfer, there was extant a Property Settlement and Separation Agreement ("PSSA") executed December 3, 2018, that required eventual sale of the residence by mutual agreement, with net profits to be divided equally. In the meanwhile, Fermin was allowed exclusive use and possession of the residence with contractual duties to pay all mortgage, utility, maintenance, and repair costs, and to hold Armida harmless thereon. PSSA ¶ 9 (Dkt. #16).

As the February 6 deed did not comply with the integration clause in the PSSA, it did not modify the PSSA. PSSA ¶ 16.

Chapter 7 Trustee J. Michael Hopper sued under a fraudulent transfer theory to avoid the February 6 transfer and recover the property interest for the benefit of the estate.

After trial, this Court ordered the transfer avoided, recovered, and preserved for the benefit of the estate.

The Trustee's four-count Complaint sought to avoid the transfer and recover it for the estate.

In Count 1, the Trustee alleged Avoidance and Recovery of Fraudulent Transfer under 11 U.S.C. § 548(a)(1) and § 550, for which he requested a judgment avoiding the transfer and "declaring the Trustee's title to the Subject Property to be superior to the Defendant's title." Complaint ¶¶ 9-12.

In Count 2, the Trustee alleged the Defendant had possession, custody, and control of the subject property which is property of the estate that is not of inconsequential value or benefit to the estate and requested a judgment "compelling an under-oath accounting and turnover of the Subject Property or the proceeds thereof." Complaint ¶¶ 13-16.

Counts 3 and 4 invoked § 544 trustee strong-arm powers, alleging avoidance under two sections of California's Uniform Voidable Transfer Act, Cal. Civ. Code §§ 3439.04 and 3439.05, and recovery under § 550 with a declaration that the Trustee's title is "superior to the Defendant's title." Complaint ¶¶ 17-21.

At trial, the defense questioned Trustee's powers over real property held under a tenancy by the entireties and, in any event, contended that the net value of the property was too inconsequential to warrant permitting the Trustee to recover it.

Findings were rendered orally on the record pursuant to

Civil Rule 52(a)(1) on October 7, 2020.

On Count 1, alleging avoidance and recovery under §§ 548 and 550, the Court ruled in favor of the Trustee. It explained that the effect of the transaction was to leave the Trustee as owner of an undivided interest in the residence as a tenant in common; that the contractual terms of the PSSA with respect to the residence were valid and remain in effect; and that under the doctrine of Hyman v. Plotkin (In re Hyman), 967 F.2d 1316, 1320-21 (9th Cir. 1992), the Trustee at an appropriate time could market and sell the estate's interest pursuant to § 363 so long as the price would yield net value to the estate.

The ensuing Judgment entered October 19, 2020, however, merely ordered avoidance under § 548 and recovery under § 550, noting that (as is automatic under § 551) the transfer is preserved for the benefit of the estate. Mea culpa. It ignored the request in the pleadings to declare the rights of the parties and did not accurately state the rights of the Trustee as had been explained in the oral findings.

Count 2 for immediate turnover and accounting was dismissed as premature in view of Fermin's rights to exclusive use subject to his duties under the PSSA pending eventual sale, either by consent under the PSSA or under § 363.

Counts 3 and 4 under the California's Uniform Voidable Transfer Act were dismissed as cumulative in light of the avoidance and recovery under §§ 548 and 550.

The ambiguities in the Judgment surfaced after the Trustee learned Fermin had violated the PSSA by not making mortgage payments required by PSSA paragraph 9 during the period February

2023 through June 2023. The Trustee, who had been acting as successor to the Debtor's rights under the PSSA and as owner of the avoided undivided interest, sued to force a sale.

The complaint alleged claims for relief for: (1) breach of the PSSA contract; (2) sale of co-owned property; and (3) accounting and turnover. J. Michael Hopper v. Fermin Castenada, Adv. No. 2023-02057, filed July 26, 2023.

The defenses raised at the ensuing trial exposed the confusing defects in the form of the Judgment in No. 19-02075. The defects included lack of clarity about the effect of the avoidance, recovery, and preservation of the avoided transfer for the benefit of the estate as making the Trustee a co-owner under a tenancy in common and lack of clarity about the rights and liabilities of the parties.

The solution is to correct the original Judgment to state what this Court intended.

In addition to this Court's own recollection, the analysis is aided by the transcript of the oral findings.

## Correcting the Judgment

## I

## Rule 60(a) Corrections

Federal Rule of Civil Procedure 60(a), as incorporated by Federal Rule of Bankruptcy Procedure 9024, authorizes this Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other party of the record" and to act "on its own, with or without notice." Fed. R. Civ. P. 60(a), incorporated by Fed. R.

Bankr. P. 9024;[1] 11 CHAS. A. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2854 (2023); 12 MOORE'S FEDERAL PRACTICE § 60.11[1][c] (2023).

Correcting a mistake under Rule 60(a) entails exercising discretion to give effect to the Court's original intent in entering the judgment or order. Tattersalls, Ltd. v. DeHaven, 745 F.d 1294, 1297-99 (9th Cir. 2014); Garamendi v. Henin, 683 F.3d 1069, 1077-81 (9th Cir. 2012); Robi v. Five Platters, Inc., 918 F.2d 1439, 1445 (9th Cir. 1990); Blanton v. Anzalone, 813 F.2d 1574, 1577 (9th Cir. 1987); In re Bestway Prods., Inc., 151 B.R. 530, 534-35 (Bankr. E.D. Cal. 1993), aff'd, 165 B.R. 339 (9th Cir. BAP 1994).

This Court's Judgment needs to be corrected under Rule 60(a) in two respects that have produced confusion.

The transcript of this Court's oral findings confirms that the corrections are implementing what was intended at the time. This Court is not changing its mind.

A

Clerical Error

First, there was a simple clerical error. By an outright

---

[1]Rule 60(a) provides:

> (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a), incorporated by Fed. R. Bankr. P. 9024.

blunder in execution, the form of the Judgment refers to the avoided transfer as a "Deed of Trust," rather than a "Deed." Although the Judgment identifies the particulars of the avoided transfer, the arcane peculiarities of title searches could lead to unnecessary confusion on other fronts. Hence, correction of the clerical error is appropriate.

B

Mistake from Oversight or Omission

Second, there was a mistake arising from oversight or omission for which Rule 60(a) permits correction. Absent a pending appeal, the Court "at any time" may act on its own motion, with or without notice. Fed. R. Civ. P. 60(a), incorporated by Fed. R. Bankr. P. 9024.

Here, the Complaint sought avoidance on multiple counts, a § 550 recovery, an accounting, and a declaration of the rights of the parties. In its oral findings deciding Adversary No. 19-2075. This Court described, but did not include in the Judgment, the consequences of avoidance on the rights of the parties.

The operative terms of Judgment were that the transfer "is hereby avoided pursuant to 11 U.S.C. § 548(a)(1)(B) and ordered preserved for the benefit of the estate pursuant to 11 U.S.C. § 550." The intended consequences reach beyond that simple statement and should have been better articulated.

First, preservation of the avoided transfer for the benefit of the estate "pursuant to 11 U.S.C. § 550" was intended to mean that the transferred interest in property was "recovered, for the benefit of the estate," within the meaning of § 550(a) and,

hence, became "property of the estate" over which the Trustee has all available powers under 11 U.S.C. § 363.

Second, title reverted to the status quo before the avoided transfer - to wit, tenancy by the entirety under the deed recorded August 13, 2007, which would (in light of later events including express waiver of spousal rights in connection with a permanent separation) be treated by Virginia courts as tenancy in common. Tr. 10/7/2020 at 12-13 & 19-20.

Third, by preservation of the avoided transfers for the benefit of the estate "pursuant to § 550," the Trustee both recovers and succeeds to the rights of Armida with respect to the property pursuant to PSSA paragraph 9. It follows that functionally the co-tenants are Fermin Castenada and J. Michael Hopper, as Trustee of the chapter 7 bankruptcy estate of Armida Castanada Ramirez (or any successor bankruptcy Trustee).

Fourth, the rights of the Trustee with respect to Armida's undivided one-half interest are superior to the rights of Fermin in that same recovered one-half interest.

Fifth, by the Trustee's succession to Armida's rights under the PSSA, Fermin has a contractual duty to keep the Trustee advised of developments regarding the property. Tr. 10/7/2020 (Defense counsel: "I'm fine with the PSSA being the property of the estate.").

Sixth, concomitantly, the Trustee is obliged to honor Fermin's rights under the PSSA so long as Fermin performs his PSSA duties.

Seventh, there having been no showing regarding the existence of net equity in the property and no showing of a

reason not to honor Fermin's rights under the PSSA so long as he was not in default of his duties, it was premature, under the doctrine of Hyman v. Plotkin, 967 F.2d 1316 (9th Cir. 1992), to authorize the Trustee to proceed to market the recovered interest in the real property.

Eighth, the dismissal of the remaining counts was an inconsequential clearing of the books in the interest of achieving finality in light of Rule 7054(a) regarding multiple claims.[2] As the Judgment provided for avoidance under § 548(a)(1)(B) and recovery "pursuant to § 550," it was not regarded as necessary to decide the state-law voidable transfer claims or to make any further order regarding § 550 recovery.

II

In retrospect, this Court should have included in the Judgment a more detailed description of the rights and liabilities of the parties.

---

[2]Rule 7054(a) incorporates Civil Rule 54(b), which provides:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief - whether as a claim, counterclaim, crossclaim, or third-party claim - or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b), incorporated by Fed. R. Bankr. P. 7054(a).

Confusion about those consequences has unduly complicated adversary proceeding, No. 23-2057 in which Trustee seeks to exercise his powers with respect to property of the estate.

At the close of trial in No. 23-2057, this Court informed the parties on the record that it was considering acting under Rule 60(a). No opposition was expressed.

Accordingly, a Corrected Judgment will issue giving effect to the original intent of this Court when it rendered findings of fact and conclusions of law in the prior adversary proceeding.

The Corrected Judgment will make clear that the avoided transfer that was recovered and preserved for the benefit of the estate functioned to place the Trustee in the shoes of the debtor with respect to the PSSA provisions regarding the former marital home, that Fermin has a duty to keep the Trustee informed of the status of his performance of his duties under the PSSA, and that the Trustee is entitled to pursue all rights afforded by bankruptcy and nonbankruptcy law.

## Conclusion

For the reasons stated herein, a Corrected Judgment in No. 2019-2075 shall be entered in a separate document.

SO ORDERED.

Date: July 19, 2024

UNITED STATES BANKRUPTCY JUDGE

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

J. Russell Cunningham
1830 15th St
Sacramento, CA 95811

David Ashley Smyth
3478 Buskirk Ave., #1000
Pleasant Hill, CA 94523